# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MERILYN ERBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:16-CV-0497-VEH** |
| | ) | |
| **PILGRIM'S PRIDE and** | ) | |
| **SEDGWICK CLAIMS** | ) | |
| **MANAGEMENT SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

### I.     Introduction

Plaintiff Merilyn Erby ("Ms. Erby") initiated this action under the Alabama

Workers' Compensation Act, *see* Ala. Code § 25-5-31 (setting forth employee's right

of action for damages from injury "arising out of and in the course of his

employment"), in the Circuit Court of Marshall County on December 23, 2015. (Doc.

1 at 1 ¶ 1).[1] Ms. Erby sued Defendants Pilgrim's Pride ("Pilgrim's") and Sedgwick

Claims Management Services ("Sedgwick"). *Id.* On March 25, 2016, Sedgwick

removed Ms. Erby's lawsuit to federal court with Pilgrim's consent (Doc. 1 at 9 ¶ 23)

---

[1]  All page references to Doc. 1 correspond with the court's CM/ECF numbering system.

on basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 3 ¶ 7).

Because of concerns about the validity of Defendants' removal and the court's ability to exercise subject matter jurisdiction, it entered a show cause order (Doc.13) on May 12, 2016. Defendants filed their response (Doc. 14) on May 26, 2016, and Ms. Erby followed with her reply (Doc. 16) on June 13, 2016.

## II.    Standard

Under 28 U.S.C. § 1447(c), a plaintiff must move to remand a case within 30 days of its removal "on the basis of any defect other than lack of subject matter jurisdiction." *Id.* More than 30 days have elapsed since the removal of this action to federal court. Ms. Erby did not move for remand. Nonetheless, federal courts are courts of limited jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).

Consequently, a federal court must inquire into its subject matter jurisdiction whenever it may be lacking. *Id.* at 410. Further, "if the trial judge remands because the court 'lacks subject matter jurisdiction,' as specified in § 1447(c), his order is not subject to review in th[e Eleventh Circuit] by appeal, mandamus, or otherwise." *Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 327 (11th Cir. 1992). Therefore, the court will now *sua sponte* consider its subject matter jurisdiction.

### III.    Analysis

#### A.    State Court Procedural Background

Sedgwick bases its removal upon several key procedural developments that it represents to this court as having occurred in state court. The first of these is an amended complaint filed by Ms. Erby on July 10, 2015, in which she added claims for the tort of outrage and conspiracy to commit outrage. (Doc. 1 at 2 ¶ 2; *id.* at 167-69).

The second of these is a Joint Motion To Sever (the "Joint Motion") Ms. Erby's tort of outrage and conspiracy claims from her workers' compensation count, filed by Defendants on February 4, 2016. (*Id.* at 2 ¶ 3). Defendants' Joint Motion (Doc. 1 at 157-162) seeks:  (i) a severance pursuant to Rule 21 of the Alabama Rules of Civil Procedure and (ii) an "instruct[ion] [to] the Clerk of the Court to docket a separate case/civil action number under which Plaintiff's tort of outrage and conspiracy claims may proceed." (Doc. 1 at 161).

The third of these is an order entered by the circuit court on February 26, 2016, purportedly granting Defendants' Joint Motion, which Sedgwick relies upon as the triggering event permitting removal. (Doc. 1 at 2 ¶ 3). More specifically, in light of these procedural facts, Sedgwick claims that Defendants' Joint Motion was granted, that it has only removed Ms. Erby's severed tort of outrage and conspiracy claims to

federal court on the basis of diversity, and that it has left her workers' compensation claim pending in state court. (Doc. 1 at 8-9 ¶ 20); (*see also* Doc. 14-2 at 6 ("NOTICE OF COURT ACTION . . . ORDER . . . Disposition: GRANTED")).[2]

However, the written order attached to the vaguely-worded NOTICE OF COURT ACTION neither mentions the Joint Motion nor assigns a new case number to Ms. Erby's tort of outrage and conspiracy claims. (Doc. 14-2 at 7-10). Instead, that order retains the state court case number of CV-2015-900274.00 for all of Ms. Erby's claims, assigns Count I of her case to "Track S", and indicates that this particular claim for workers' compensation benefits will be tried as a bench trial. (Doc. 1 at 182). This same order assigns the remainder of Ms. Erby's case (*i.e.*, Counts II and III) to "Track X" and indicates that her tort of outrage and conspiracy claims will be tried together to a jury. *Id.* Nowhere does this state court order express that Defendants' Joint Motion is granted or that Ms. Erby's tort of outrage and conspiracy claims have been severed and assigned a new case number.

## B.     An Order Remanding Ms. Erby's Entire Case Is Required.

Based upon the above procedural history and this court's understanding of the record, while Defendants, pursuant to Rule 21 of the Alabama Rules of Civil Procedure, attempted to sever Ms. Erby's lawsuit into two separate cases with

---

[2]  All page references to Doc. 14-2 correspond with the court's CM/ECF numbering system.

different case numbers, this specific relief was never clearly ordered in state court.

Consequently, this court concludes that Ms. Erby's complete case–CV-2015-900274.00–was removed to federal court on March 25, 2016, exclusively on the basis of diversity jurisdiction. As explained in greater detail below, the court *sua sponte* determines that an order remanding for lack of subject matter jurisdiction is required because Defendants have not satisfied the amount in controversy component.

More specifically, Defendants have not carried their burden of satisfying the amount in controversy requirement under the binding precedent of *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) ("Thus, under § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."), *as clarified by Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010) ("As we will explain, *Lowery* was a case that involved the removal procedures in the second paragraph of 28 U.S.C. § 1446(b) [since reorganized and found at § 1446(b)(3)], and the decision must be read in that context.").

Regarding amount in controversy generally, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a

minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*,

236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334, 89

S. Ct. 1053, 1056, 22 L. Ed. 2d 319 (1969)). Today, the threshold amount in

controversy for diversity jurisdiction, excluding interests and costs, is $75,000. 28

U.S.C. § 1332(a).

Here, like *Lowery*, Ms. Erby's damages are unspecified and Defendants invoke

§ 1446(b)'s second and more demanding removal mechanism.[3] As the *Pretka* court

distinguished a § 1446(b)(3) removal from a first paragraph one (now codified at 28

U.S.C. § 1446(b)(1)):

> Although the second paragraph of § 1446(b) offers an additional
> avenue for removal, <u>that road is not an easy one for defendants to travel</u>.
> As the *Powers* Court said, the traditional understanding was that
> removal was both permitted and required "as soon as the action assumes
> the shape of a removable case." *Powers*, 169 U.S. at 101, 18 S. Ct. at
> 267. Otherwise a defendant could wait and see how it fared in the state
> court proceedings before deciding whether to remove. The second
> paragraph of § 1446(b) continues the requirement of promptness. The
> renewed removal window opens, but only for thirty days, when the
> defendant receives a document "from which it may first be ascertained
> that the case is one which is or has become removable." 28 U.S.C. §
> 1446(b) (second paragraph). That language—especially the word
> "ascertained"—is different from the language of the first paragraph of
> § 1446(b). The Fifth Circuit has explained the difference:
>
> > "Setting forth," the key language of the first

---

[3] Consistent with their severance/limited removal argument, Defendants' analysis of the amount in controversy is limited to Ms. Erby's outrage and conspiracy to commit outrage claims.

> paragraph, encompasses a broader range of information that can trigger a time limit based on notice than would "ascertained," the pivotal term in the second paragraph. To "set forth" means to "publish" or "to give an account or statement of." "Ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty." <u>The latter, in contrast to the former, seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally</u>.

*Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (footnotes omitted).

*Pretka*, 608 F.3d at 760 (emphasis added).

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000). Under *Lowery*'s holding governing § 1446(b)(3)'s second opportunity to remove, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211. In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were

unspecified and only the bare pleadings were available. *Id*. at 1210; *cf. Pretka*, 608 F.3d at 754 ("A different question is presented, however, when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.").

Similarly, in this case, the court finds that the allegations of the amount in controversy made in the notice of removal coupled with the unspecified compensatory and punitive damages contained in Ms. Erby's amended complaint are insufficient to establish satisfaction of the amount in controversy requirement. In its notice of removal, Sedgwick unpersuasively and in a boilerplate fashion maintains that even though Ms. Erby has failed to assert any specific monetary amounts, her simply seeking compensatory and punitive damages within her complaint satisfies the amount in controversy burden. (*See* Doc. 1 at 5 ¶ 12 ("A review of the Complaint establishes that despite the fact that Plaintiff does not plead a specific amount of damages, the amount in controversy exceeds the jurisdictional threshold of $75,000 exclusive of interest and costs."); *id.* at 6 ¶ 15 ("Plaintiff seeks compensatory and punitive damages.")). However, such an amount in controversy statement is insufficient under *Lowery*'s holding that a removing party relying upon § 1446(b)(3) show the existence of federal jurisdiction without any ambiguity. *Id.*, 483 F.3d at

1214.

Further, Sedgwick's suggestion, without any analysis of the cases cited, that combining Ms. Erby's outrage and conspiracy to commit outrage counts means that the amount in controversy component has been met is unavailing. (Doc. 1 at 6-7 ¶ 16). While as a general matter Sedgwick is correct that aggregation of a plaintiff's claims is permissible to meet the jurisdictional minimum, *Snyder*, 394 U.S. at 335, 89 S. Ct. at 1056, consideration of a double recovery by a plaintiff for the same alleged wrongful conduct is not. Instead, a prerequisite for combining counts is that each one must seek distinct damages, which is <u>not</u> the situation here. *Compare Nickelson v. Nestles Milk Products Corp.*, 107 F.2d 17, 18 (5th Cir. 1939) ("[A]lthough there were several counts in the complaint, the court took the view that, inasmuch as the plaintiff's intestate could be killed but once, each count was for the same cause of action, namely, the wrongful death of the decedent."), *with id.* ("That was a different case from the one before us, where the appellant is suing to recover penalties and damages accruing from alleged violations of the anti-trust laws, each claim being set forth in a separate count, there being nothing in the complaint to rebut the presumption that each count is for a separate cause of action, and the Alabama rule being that, under the pleadings, he may recover the total of the various amounts asked

in each count, that total being more than three thousand dollars.").[4]

While this court recognizes that the requisite amount in controversy <u>might</u> exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67; *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15; *see also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the

---

[4]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

district court to speculate that such was in fact the case"). "Under § 1446(b)[(3)], the operative document must unambiguously establish federal jurisdiction." *Belkin v. Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla. Dec. 3, 2007) (citing *Lowery*, 483 F.3d at 1214, in turn citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("holding that the document must be 'unequivocally clear and certain'")).

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215.

For several reasons, the collection of cases cited by Sedgwick in its removal petition concerning punitive damage awards rendered in Alabama more than fifteen years ago (Doc. 1 at 7-8 ¶ 17) does not alter the court's analysis that Defendants have not met their jurisdictional burden under *Lowery*. First, none of the cited cases involves an outrage claim or a conspiracy to commit outrage claim. Second, Sedgwick makes no attempt "to explain the facts of those other tort cases or link them to the facts of the [this] case." *Pretka*, 608 F.3d at 753 (citing *Lowery*, 483 F.3d at 1221).

Third, the age of these verdicts makes them suspect as reliable indicators of

amount in controversy when punitive damages are at stake as "[t]he landscape of punitive damages in Alabama has changed a great deal since the mid–1990's, with *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and its progeny setting in motion an ever-changing body of law on the amount of punitive damages allowable and awarded in Alabama." *Simpson v. Primerica Life Ins., Co.*, No. 2:15-CV-777-WKW-PWG, 2015 WL 9315658, at *7 (M.D. Ala. Dec. 3, 2015), *report and recommendation adopted*, No. 2:15-CV-777-WKW, 2015 WL 9413876 (M.D. Ala. Dec. 22, 2015); *see id.* ("As evidence in support of the amount in controversy, Defendants also provide the court with jury awards in two cases, decided in 1994 and 1997, that are factually distinguishable from this case and were decided so long ago as to belie the reliability of those cases as comparators.") (emphasis added).

Further, permitting Defendants the opportunity to conduct discovery is not a viable option under *Lowery*. As the *Lowery* court more specifically directs district courts:

> Post-removal discovery disrupts the careful assignment of burdens and the delicate balance struck by the underlying rules. A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery. Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.

*Id.*, 483 F.3d at 1218 (emphasis added) (footnotes omitted).

This court recognizes that pre-*Lowery* Eleventh Circuit case law contemplated at least some allowable range of discovery while the case is still pending in federal court. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction."); *id.* at 946 (holding that a court may consider evidence submitted after the removal petition is filed, "but only to establish the facts present at the time of removal").[5] However, the extent to which any post-removal discovery is permissible under § 1446(b)(3) in a post-*Lowery* world is still unclear because *Lowery* expressly instructs the district court to focus only upon the removing documents when evaluating subject matter sufficiency under that provision's more exacting framework. *Id.* at 1211. Under such a standard, any post-removal responses to requests for admission would apparently be prohibited from serving as a basis in support of that removal because they would fall outside the universe of acceptable documents for the court to appropriately consider when

---

[5] In its discussion of post-removal discovery, *Lowery* does not mention *Sierminski*. However, the procedural history in *Sierminski* reveals that, in contrast to *Lowery*, the defendant removed the plaintiff's lawsuit within 30 days of the filing of the complaint (*i.e.*, a § 1446(b)(1) removal). *Sierminski*, 216 F.3d at 947.

evaluating amount in controversy. *Id*. at 1214-15.

Even though Sedgwick cites to *Pretka* in its removal petition (Doc. 1 at 5-6 ¶ 14), it noticeably does not acknowledge the existence of *Lowery*, much less explain how the present removal satisfies its jurisdictional standard and/or why *Lowery* should not apply in this instance. Sedgwick does rely on a portion of the Supreme Court's decision in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. __, 135 S. Ct. 547, 190 L. Ed. 2d 495, 2014 WL 7010692 (Dec. 15, 2014) (Doc. 1 at 5 ¶ 13), as supporting its amount in controversy statement:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee*, 135 S. Ct. at 554. Thus, a deeper examination of *Dart Cherokee* is required by this court.

*Dart Cherokee*, like *Lowery*, arises under the Class Action Fairness Act of 2005 ("CAFA"). However, in contrast with *Lowery*, *Dart Cherokee* involves a § 1441(b)(1) removal. *See Dart Cherokee*, No. 5:12-CV-4157-JAR-JPO, 2013 WL 2237740, at *1 (D. Kan. May 21, 2013), *vacated*, 2015 WL 5451441 (D. Kan. Mar. 4, 2015) (noting filing date of October 30, 2012, in state court and removal on December 5, 2012); (*see also id.*, Doc. 1 (Defendants' Notice of Removal) at 4 ¶ 16

(D. Kan. Dec. 5, 2012) ("Defendants first received a copy of this Petition on November 5, 2012, when each was received by Defendants' statutory agents for service of process. This Notice is filed within 30 days of that date.")). The unspecified damages sought by the plaintiff in *Dart Cherokee* were described as "a fair and reasonable amount to compensate putative claims members for damages they sustained due to the alleged underpayments [of oil and gas lease royalties]."*Dart Cherokee*, 135 S. Ct. at 551 (internal quotation marks omitted). In their removal petition, the *Dart Cherokee* defendants "stated that the purported underpayments to putative class members totaled more than $8.2 million."[6] *Id.* at 552. These defendants subsequently submitted evidence that substantiated satisfaction of the amount in controversy stated within the removal petition. *Id.* at 552. The plaintiff did not dispute the underlying evidentiary estimation of damages; instead, he contested the timeliness of that post-removal valuation. *Id.*

In a 5-4 opinion vacating the Tenth Circuit's decision declining to review a district court remand order to state court,[7] the Court framed the amount in controversy issue and holding as follows:

---

[6] The amount in controversy threshold in a CAFA action is $5,000,000. 28 U.S.C. § 1332(d)(2).

[7] "Ordinarily, remand orders '[are] not reviewable on appeal or otherwise.' § 1447(d). There is an exception, however, for cases invoking CAFA. § 1453(c)(1)." *Dart Cherokee*, 135 S. Ct. at 552.

To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation? That is the single question argued here and below by the parties and the issue on which we granted review. The answer, we hold, is supplied by the removal statute itself. A statement "short and plain" need not contain evidentiary submissions.

*Dart Cherokee*, 135 S. Ct. at 551. Running afoul of this holding, the district court had interpreted Tenth Circuit precedent to mean that "reference to factual allegations or evidence outside of the petition and notice of removal is not permitted to determine the amount in controversy." *Id.* at 552 (internal quotation marks omitted).

The Supreme Court also made it clear that any presumption against removal is inappropriate in a CAFA action, but left open the question of whether such a presumption is still valid in an average removal case:

In remanding the case to state court, the District Court relied, in part, on a purported "presumption" against removal. App. to Pet. for Cert. 28a. *See, e.g., Laughlin*, 50 F.3d, at 873 ("[T]here is a presumption against removal jurisdiction."). We need not here decide whether such a presumption is proper in mine-run diversity cases. It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. *See Standard Fire Ins. Co.*, 568 U.S., at __, 133 S. Ct., at 1350 ("CAFA's primary objective" is to ensur[e] 'Federal court consideration of interstate cases of national importance.'" (quoting § 2(b)(2), 119 Stat. 5)); S. Rep. No. 109-14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

*Dart Cherokee*, 135 S. Ct. at 554 (emphasis added).

This court has been able to locate only one Eleventh Circuit decision that discusses *Dart Cherokee–Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). *Dudley* is a CAFA case in which the Eleventh Circuit decided that "on the limited record presented, the district court did not clearly err in determining that Lilly has failed to meet by a preponderance of the evidence CAFA's amount-in-controversy requirement." 778 F.3d at 911. The Eleventh Circuit described *Dart Cherokee* as a decision "which shed additional light on the jurisdictional requirements found in CAFA." *Dudley*, 778 F.3d at 912. The panel in *Dudley* specifically acknowledged *Dart*'s no antiremoval presumption rule applicable in CAFA cases and its pronouncement "on the necessary contents of a CAFA defendant's notice of removal." *Dudley*, 778 F.3d at 912; *see also id.* ("Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions." (citing *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (recognizing that Eleventh Circuit prior precedent will no longer be good law when "an intervening decision of the Supreme Court is clearly on point and undermines our prior precedent to the point of abrogation"))).

The *Dudley* court further explained its understanding of *Dart* to mean:

17

In cases like this, however–where the plaintiff contests [or the court questions] the defendant's amount in controversy–*Dart* recognized that the district court must go further. Citing to the CAFA statute, the Supreme Court observed that when a notice of removal's allegations are disputed, the district court must find "'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553, 2014 WL 7010692 at *5, slip op. at 912 (quoting 28 U.S.C. § 1446(c)(2)(B)). We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *S. Fla. Wellness*, 745 F.3d at 1315; *Pretka*, 608 F.3d at 752; *Miedema*, 450 F.3d at 1330. We've also observed that, in making this calculation, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *S. Fla. Wellness*, 745 F.3d at 1315. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. Moreover, at the jurisdictional stage, "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Id.* at 751 (quotation and emphasis omitted). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id.* (quotation omitted). *Dart*–which did not involve a plaintiff's contest to the defendant's jurisdictional allegations–did not disrupt any of this pre-existing CAFA case law.

*Dudley*, 778 F.3d at 912-13. The *Dudley* decision neither mentions *Lowery* nor otherwise signifies that *Lowery*'s binding framework for removing under § 1446(b)(3) is, because of *Dart Cherokee*, no longer applicable within the Eleventh Circuit. Further, because this lawsuit is a non-CAFA one, "the rule of construing removal statutes strictly and resolving doubts in favor of remand[,]" *Miedema v.*

*Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006), *abrogated in part by Dart Cherokee*, is still in place. *See United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first [published] panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.").

Thus, the court finds that Defendants have not carried their *Lowery* burden to establish the requisite amount in controversy unambiguously in this § 1446(b)(3) removal, and the court lacks diversity jurisdiction. Alternatively, to the extent that Defendants' satisfaction of § 1446(b)(3)'s more burdensome amount in controversy requirement is a close call, the court resolves its doubts in favor of remanding Ms. Erby's non-CAFA case for lack of diversity jurisdiction.

## IV.  Conclusion

Therefore, this entire lawsuit is due to be remanded to the Circuit Court of Marshall County, Alabama for lack of subject matter jurisdiction. The court will enter a separate remand order consistent with this memorandum opinion.

**DONE** and **ORDERED** this 30th day of June, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge